UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BENJAMIN CARTER**<br>    **LA. DOC # 443184**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-1745**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **BILLY TIGNER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Benjamin Carter, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 26, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the LaSalle Correctional Center, Olla, Louisiana; however, he complains that he was denied prompt and appropriate medical care when he was incarcerated at the Jackson Parish Corrections Center (JPCC). He sued Warden Billy Tigner and Nurse Courtney Whitehead seeking money damages for pain and suffering. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

On March 14, 2011, plaintiff, who was then incarcerated at JPCC, filed a civil rights complaint which was assigned Civil Action Number 3:11-cv-0422. He sued Warden Billy Tigner and Nurse Courtney Whitehead complaining that he received inadequate medical care for a shoulder injury he suffered in the summer of 2010. He filed an amended complaint on June 21, 2011. In both

the original and amended complaints, plaintiff specifically claimed that he did not receive prescribed anti-inflammatory and pain medication, i.e. Motrin, or physical therapy as ordered by the treating physician. [See 3:11-cv-0422 at Docs. 1 and 5] On August 12, 2011, the undersigned ordered service of the complaint [Id., Doc. 6] and on October 20, 2011, the defendants answered and submitted a complete copy of plaintiff's prison medical file. [Id., Docs. 12 and 13]

On August 25, 2011, plaintiff was transferred to his present place of confinement. On September 26, 2011, he filed the instant complaint. In this new complaint he contends that in April 2011, while he was still incarcerated at JPCC, he was examined by a physician who discovered that plaintiff had a hernia. The physician referred the plaintiff to a hospital where the hernia was repaired. Upon plaintiff's return to JPCC he requested anti-inflammatory medication because he was experiencing pain in his right side and leg.

According to plaintiff, Nurse Courtney Whitehead denied his request in April. According to plaintiff, his second request for pain medication was granted by Nurse Whitehead and plaintiff was provided the medication requested from July 17 – August 22, 2011. He now seeks compensatory damages from Warden Tigner because he failed to respond to plaintiff's complaint and because he transferred him to his present place of confinement. He seeks compensatory damages from Nurse Whitehead because she denied him anti-inflammatory medication for pain in April 2011. [Doc. 1, p. 4]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the

complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint adequately sets forth his claim for relief; further amendment is not necessary.

*2. Medical Care*

Plaintiff complains that Nurse Whitehead refused to provide anti-inflammatory drugs for pain in April 2011. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious

medical needs.' " *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. Deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed, and that they drew that inference</u>. *Id.* at 837.

Plaintiff has not identified any "serious harm" that has befallen him as a result of the defendants' treatment choices. In short, plaintiff has failed to state a claim for which relief may be granted.

Further, the medical records on file in plaintiff's other pending civil action cast serious doubt on the veracity of his complaint. According to those documents, plaintiff did not request pain medication for his hernia until July 17, 2011 [3:11-cv-0422 at Doc. 13, p. 38] and thereafter, he was provided 600 mg. of Ibuprofen twice daily from July 19 until he was transferred to his present place of confinement. [Id., pp. 27-28]

### 3. Grievances

Plaintiff also implied that he is entitled to relief because Warden Tigner failed to respond to his prison grievances. In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995),

the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); (see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991 *(per curiam)* (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since there is no constitutionally protected right to participate in a prison grievance procedure, plaintiff's complaint fails to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at MONROE, LOUISIANA, this 13th day of January, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE